IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



| | |
|---|---|
| Marcus Brent Jowers, and others Similarly situated, Plaintiffs, <br><br> vs. <br><br> KLLM Transport Services, LLC Defendant. | Civil Action: 3:17cv517DPJ-FKB <br><br> CLASS ACTION COMPLAINT FOR VIOLATION OF FAIR LABOR STANDARD ACT <br><br> JURY TRIAL DEMANDED |

Plaintiff Marcus Brent Jowers, by and through his undersigned counsel, brings this action on behalf of himself and all other persons similarly situated for damages and relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). For his Collective and Class Action Complaint against Defendant, Plaintiff, upon his personal knowledge as to his own acts and status, and upon information and belief as to all of the members of the Class, alleges as follows:

## NATURE OF CLAIMS

1. This is a collective action for minimum wage and hour violations arising out of Defendant's misclassification of its truck drivers. Plaintiff brings this action against Defendant as a collective action under 29 U.S.C. § 216(b) for violation of the FLSA, 29 U.S.C. § 201, et seq.

## PARTIES

2. Plaintiff Marcus Jowers is a resident of Florida. He was employed by Defendant as a truck driver up until December 2016. Plaintiff was misclassified by Defendant as an independent contractor, and under the FLSA and Mississippi law should be considered an employee of Defendant. Plaintiff's Consent to Sue is attached to this Complaint as Exhibit 1.

1

3. Defendant KLLM Transport Services, LLC ("KLLM") is one of the largest refrigerated trucking companies in the United States, and operates throughout the continental United States. KLLM's principal place of business and headquarters is in or near Jackson, Mississippi. KLLM has annual gross revenues in excess of $500,000.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 28 U.S.C. § 1331, as this claim arises under the laws of the United States; specifically, this action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

5. Venue is proper pursuant to 28 U.S.C. § 1391, because Defendant transacts significant business in the venue, Defendant directed and controlled Plaintiff and the Class from this venue, Defendant maintains its headquarters in the designated District and Division, and Plaintiff has done work for Defendant therein.

## FACTUAL ALLEGATIONS

6. KLLM specializes in moving refrigerated goods in trucks.

7. KLLM operates its trucking business nationally. KLLM's driving force comprising the Class is fully integrated into KLLM's business, and without the drivers to perform the moving service, KLLM's moving business would not exist.

8. Plaintiff is a KLLM driver that KLLM classifies as an independent contractor. KLLM directs and controls Plaintiff's employment. Despite KLLM's classification of Plaintiff and similarly situated drivers as "independent contractors," these drivers are in fact KLLM employees. KLLM has violated federal and state labor laws by misclassifying these drivers and failing to pay them the minimum wage for all hours worked.

A. **KLLM Controlled Plaintiff and the Class's Work**

2

9. KLLM exercised control of its network of drivers' work, including misclassified drivers like Plaintiff and the Class.

10. KLLM required Plaintiff and the Class to display KLLM's name, logo and insignia on their vehicles, and they could only use the trucks to drive for KLLM. Plaintiff and the Class were not permitted to drive for other trucking companies.

11. KLLM's control extended to Plaintiff and the Class's workload. KLLM controlled and directed Plaintiff and the Class's work, including by determining where drivers began and ended their routes, and when goods would be picked up and delivered. All KLLM drivers receive the same training and orientation and are subject to the same rules and procedures for operation.

12. KLLM required Plaintiff and the Class to have certain equipment installed in their vehicles, including a Qualcomm communications system. The Qualcomm system allowed KLLM to monitor and track Plaintiff and the Class.

13. Plaintiff and the Class were subject to KLLM's policies and protocols, including protocols relating to accidents, logbooks, and KLLM's customer regulations and guidelines. Failure to comply with these policies and protocols could result in discipline and/or termination of the misclassified drivers.

14. As employees of KLLM, Plaintiff and the Class were subject to KLLM's background checks and drug screening protocol.

15. Plaintiff and the Class were only permitted to use other drivers for their routes if such drivers were screened and cleared with KLLM.

16. Plaintiff and the class was paid based on miles driven, and had no ability to negotiate compensation with KLLM, and was instead subject to KLLM's pre-set policies and rates.

17. Plaintiff and the Class were prohibited from using their vehicles for other business purposes.

18. Plaintiff and the Class lacked any legitimate ability to decline assignments from KLLM, and could be punished for doing so.

19. KLLM retained the power to terminate Plaintiff and the Class Members.

**B. KLLM Failed to Pay Plaintiff and the Class Members the Minimum Wage**

20. Plaintiff was paid based on the number of miles driven. As a result, Plaintiff and the Class's compensation was tied to the distance travelled. Plaintiff and the Class were required to pay for repairs, lease payments, fuel, labor, and other expenses for the benefit of KLLM. KLLM would then deduct these amounts from Plaintiff and the Class's wages, further reducing the drivers' wages. Once the expenses were considered the drivers were, in many weeks, paid less than $7.25 for each hour that they worked.

21. Plaintiff and the Class consistently worked in excess of 40 hours per week. This includes not only their time spent driving but the many other hours spent on inspections, waiting for direction from KLLM, waiting for completion of pick up or delivery, refueling, and myriad other tasks required by KLLM.

22. At all times during the liability period, Defendant failed to pay Plaintiff and Class members for all hours worked. Defendant failed to track Plaintiff and Class members' hours beyond the hours tracked by the US Department of Transportation. While in route to a delivery,

Plaintiff and Class members were required to be continuously on duty and, therefore, worked at least 16 hours, if not 24 hours, under 29 CFR § 785.22.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

23. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b), in that the claims of Plaintiff are similar to the claims of the Putative Class Members.

24. The Putative Class Members are those current and former KLLM drivers improperly misclassified as independent contractors.

25. There are questions of law and fact arising in this action which are common to plaintiff and all Class Members.

a) Whether Plaintiff and all other persons similarly situated are employees of Defendant;

b) Whether Plaintiff and the Class are entitled to minimum wages under the FLSA;

c) Whether Defendant's pay policies as to Plaintiff and all others similarly situated violate their rights to receive minimum wages.

26. Plaintiff's claims are typical of the claims of the class in that all the misclassified drivers were treated similarly. Plaintiff will fairly and adequately represent the interest of the members of the class. Plaintiff has retained counsel who are competent and experienced in class action and complex litigation. Plaintiff has no interest which is adverse to, or in conflict with, other members of the class.

27. The common questions of law and fact arising in this action predominate over any questions solely affecting individual Class Members. Without limiting the generality of the foregoing, the factual and legal issues concerning the scope and effects of Defendant's conduct alleged herein are:

a) Central to Plaintiff's claims;

b) Substantially identical with respects to each Class Members' burden of demonstrating liability; and

c) The most important and fundamental issues to be determined at trial.

28. The collective and/or class action mechanism is superior to any alternatives that exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Numerous repetitive individual actions would also place an enormous burden on the courts as they are forced to take duplicative evidence and repetitively decide the same issues relating to the conduct of Defendant.

29. There are no unusual difficulties likely to be encountered in the management of the case as a class action. Class Members can be easily identified from the records of Defendant, which it is required by federal law to maintain, enabling Class Members to have their claims fairly adjudicated by the Court.

30. All potential 216(b) Class members are similarly situated because, among other things, they were employees of Defendant and, upon information and belief, all suffered from the same policies of Defendant, including:

    a. They were paid by the job without regard to the number of hours worked;

    b. They each suffered improperly made deductions from their paychecks; and

    c. Defendant failed to pay class members at least the statutory minimum wage for each hour of work as required by the FLSA.

31.     Plaintiff brings this collective-action FLSA action on behalf of himself and on behalf of all others similarly situated, defined as follows:

> **Class:** All current and former drivers for Defendant who were classified as "independent contractors" at any time beginning three years prior to the filing of the Complaint through the date notice is mailed to the Class.

32.     Plaintiff reserves the right to amend or otherwise alter the Class definition presented to the Court at the appropriate time, or to propose sub-classes, in response to information learned through discovery, legal arguments advanced by Defendant, or otherwise.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

33.     Plaintiff reasserts and re-allege the allegations set forth above.

34.     At all relevant times herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

35.     The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

36.     Defendant is subject to the FLSA's minimum wage requirements because it is in interstate commerce and its employees are engaged in commerce.

37.     Pursuant to Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees are entitled to be compensated at a rate of $7.25 per hour, effective July 24, 2009.

38.     Defendant knew or should have known that its compensation policy and methodology failed to compensate the misclassified drivers at the federal minimum wage.

39. Defendant, pursuant to its policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

40. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated drivers.

41. Plaintiff and all similarly situated drivers are victims of a single, similarly applied employer-based compensation policy. In violation of the FLSA, that policy has been applied, and continues to be applied, to all drivers improperly misclassified as independent contractors by Defendant.

42. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus *actual* wages received, within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether their conduct was unlawful.

43. Defendant have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages under 29 U.S.C. § 216(b) in an amount equal to the amount of their unpaid minimum wages. Alternatively, should the Court find Defendant did not act willfully in failing to pay minimum wage, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

44. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been lawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly, Defendant is liable under 29 U.S.C. §

216(b), together with an additional amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

**WHEREFORE**, Plaintiff, on behalf of himself and all similarly situated drivers, prays for relief as follows:

(a) Allow other similarly situated KLLM drivers to receive notice and opportunity to opt-in to this case pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act;

(b) Declare and find that KLLM violated FLSA, 29 U.S.C. § 201, et seq. by failing to pay Plaintiff and other similarly situated drivers the federal minimum wage.

(c) An award of damages in the amount of unpaid minimum wages.

(d) Liquidated damages.

(e) Attorneys' fees and costs as allowed by Section 16(b) of the FLSA.

(f) Pre-judgment and post-judgment interest as provided by law.

(g) Injunctive relief in the form of an order directing Defendant to comply with the FLSA.

(h) Such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

By: _____

J. Brad Pigott, Miss. Bar No. 4350
Pigott Law Firm, P.A.
775 N Congress St.
Jackson, MS 39202-3009
Tel: (601) 354-2121
Fax: (601) 354-7854
bpigott@pjlawyers.com

Joshua H. Haffner*
Graham G. Lambert*
Haffner Law PC

445 S. Figueroa Street, Suite 2325
Los Angeles, CA 90071
Tel: (213) 514-5681
Fax: (213) 514-5682
jhh@haffnerlawyers.com
gl@haffnerlawyers.com
* Pro Hac Vice motions to follow