# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| **COREY LILLY, KYLE SHETTLES, and JOHN MCGEE** on behalf of themselves and all others similarly situated,<br><br>　　　　　**Plaintiffs,**<br>　v.<br><br>**KLLM TRANSPORT SERVICES, LLC, and DOES 1-25**<br><br>　　　　　**Defendants.**<br><br>*CONSOLIDATED FOR PURPOSES OF DISCOVERY WITH:*<br><br>**MARCUS BRENT JOWERS, and others similarly situated**<br><br>　　　　　**Plaintiffs,**<br>　v.<br><br>**KLLM TRANSPORT SERVICES, LLC**<br><br>　　　　　**Defendant.** | **Civil Action No.: 3:17-cv-490 DPJ-FKB**<br><br>*Consolidated for discovery with:*<br><br>**Civil Action No.: 3:17-cv-517 DPJ-FKB** |

## JOINT MOTION TO DISMISS WITH PREJUDICE

COMES NOW Plaintiffs Corey Lilly, Kyle Shettles, John McGee, and Marcus Brent Jowers along with parties who have filed opt-in notices, Charles Hallmark, James Johnson, Colton Miller, Donald Tillman, Sonya Carroll, Marcus Moore and De-Antonio Watson (collectively "Plaintiffs") and Defendant KLLM Transport Services, LLC, ("Defendant") by and through their respective counsel, hereby jointly move this Court to dismiss this matter with prejudice due to settlement. In support thereof, the parties submit as follows:

1. This matter involves two consolidated collective action cases filed by Plaintiffs on behalf of themselves and others similarly situated under the Fair Labor Standards Act ("FLSA").

2. The Court granted conditional certification of the FLSA collective on September 24, 2019, but *sua sponte* certified its decision for interlocutory appeal. [Doc. 222]. The Fifth Circuit Court of Appeals unanimously reversed and remanded the Court's conditional certification on January 12, 2021.

3. Because this consolidated matter has no longer been certified, conditionally or otherwise, as a collective, there are only four (4) named plaintiffs and seven (7) plaintiffs that filed notice to opt-in to the pending matter before the Court.

4. While the parties recognize that the Defendant denies all liability in the underlying matters, the eleven (11) Plaintiffs and Defendant (collectively "the Parties") agree and stipulate that there is a bona fide FLSA dispute between the parties. *Birde v. Brandi's Hope Cmty. Servs., LLC,* 2018 WL 3560243 (S.D. Miss. Aug. 1, 2018).

5. After remand, the Court requested the Parties participate in a settlement conference overseen by Magistrate Judge Keith Ball which took place June 16, 2021.

6. The Parties were able to reach a confidential settlement in compromise of the bona fide dispute at the settlement conference with the assistance of Judge Ball.

7. The Parties further agree and stipulate that the settlement between the parties is fair and reasonable. *Id.*

8. The general rule is that settlement of an FLSA claim must be supervised by the Department of Labor or be scrutinized and approved by the court. *Lynn's Food Stores, Inc. v. U.S.,* 679 F.2d 1350, 1355 (11th Cir. 1982). However, in the Fifth Circuit, "parties may reach private compromises to FLSA claims where there is a bona fide dispute as to the number of hours worked or compensation due." *Martin v. Spring Break '83 Prods., L.L.C.,* 688 F.3d 247, 255 (5th Cir. 2012). As has been shown in briefing in this Court there is a bona fide dispute as to the number of hours worked and compensation due, if these Defendants are properly classified as employees. In addition, since Defendant denies Plaintiffs are employees, there is a fundamental

threshold dispute as to whether the Plaintiffs, which Defendant classifies as independent contractors, are even entitled to assert claims for relief under the FLSA as alleged employees of the Defendant at all.

10. The Plaintiffs in this matter have been represented by competent counsel from multiple national law firms who regularly practice in the area of employment law and FLSA cases specifically. Undersigned counsel understands the issues, challenges and nature of the bona fide dispute in this case and have advised their clients that it is their recommendation that this matter settle as agreed. Undersigned counsel for Plaintiffs recognizes that due to the bona fide dispute, should the matter continue they and their clients risk a loss at trial which would result in their receiving no payments for their pending claims. Likewise, Defendants recognize the risk of proceeding in this matter and have elected to settle and end this bona fide dispute.

11. Accordingly, to maintain the confidential nature of the private compromise reached by the Parties at the settlement conference with Judge Ball, the parties jointly move for each individual lawsuit consolidated herein to be dismissed <u>with prejudice</u>, with each side to bear its own costs and attorney fees.

12. Due to the brevity of this Motion and considering the Parties are in agreement, the Parties respectfully request that the requiring of the filing of a supporting memorandum be waived.

WHEREFORE, the Parties respectfully request that the Court enter an agreed final judgment of dismissal of all named and opt-in plaintiff's claims with prejudice with each side to be their respective fees and costs. If the parties have requested improper or insufficient relief, the parties further respectfully request any such additional relief as the Court deems necessary and proper under the circumstances.

[Signatures next page].

This the 22nd day of September 2021.

        Respectfully submitted,

        **KLLM Transport Services, LLC**

        By its Attorneys,

        DunbarMonroe, PLLC

        */s/ Clark Monroe*
        Clark Monroe (MSB #9810)
        Christopher G. Dunnells (MSB #105029)
        DunbarMonroe, PLLC
        270 Trace Colony Park, Suite A
        Ridgeland, MS  39157
        *Attorneys for Defendant*

        **Joined by:**

        **HAFFNER LAW PC**
        Joshua H. Haffner (adm. *pro hac vice*)
        Haffner Law PC
        445 S. Figueroa Street, Ste. 2625
        Los Angeles, CA 90071
        *Attorneys for Plaintiff Marcus Brent Jowers*

        **MASON LIETZ & KLINGER LLP**
        Danielle L. Perry (adm. *pro hac vice*)
        5101 Wisconsin Ave NW, Ste. 305
        Washington, D.C. 20016
        *Attorneys for Plaintiffs Corey Lilly,*
        *Kyle Shettles, John McGee along with Opt-*
        *In Plaintiffs Charles Hallmark, James*
        *Johnson, Colton Miller, Donald Tillman,*
        *Sonya Carroll, Marcus Moore and De-*
        *Antonio Watson*

## CERTIFICATE OF SERVICE

I, Clark Monroe, do hereby certify that I filed the foregoing document with the Clerk of this Court using the Court's ECF system which sent notification to all counsel of record.

This the 22nd day of September 2021.

>    */s/ Clark Monroe*
>    Clark Monroe
>    Christopher G. Dunnells